| WEINBERG ZAREH MALKIN PRICE LLP<br>45 Rockefeller Plaza, 20th Floor<br>New York, New York 10111<br>Phone: 212-899-5470<br>Adrienne Woods, Esq.<br>Email: awoods@wzmplaw.com<br><br>*Proposed Counsel to Debtor*<br>*CLST Enterprises, LLC* | |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| In re:<br><br>CLST ENTERPRISES, LLC,<br><br>                 Debtor. | Chapter 11<br><br>Case No. 24-10596 |

### DECLARATION OF CARL THOMSON PURSUANT TO RULE 1007-2 OF LOCAL BANKRUPTCY RULES FOR SOUTHERN DISTRICT OF NEW YORK

I, Carl Thomson, make this declaration under 28 U.S.C. § 1746:

1.      I am the Managing Member[1] of CLST Enterprises, LLC ("**CLST**" or "**Debtor**"), which I own jointly with my wife.

2.      Except as otherwise indicated herein, the facts set forth in this Declaration are based upon my personal knowledge, my review of relevant documents, information provided to me by advisors and counsel to Debtor, or my opinion based upon my experience, knowledge, and information concerning Debtor's operations.  If called upon to testify, I would testify competently to the facts set forth in this Declaration.

3.      This Declaration is submitted pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York ("**Local Rules**") for the purpose of apprising the

---

[1] I am Managing Member and own 50% of CLST Enterprises, LLC.  The other 50% is owned by my wife, Margaret Mary Thomson.

Court and parties in interest of the circumstances that led to the commencement of Debtor's Chapter 11 Case and in support of the motions and applications that Debtor will file with the Court. I am authorized to submit this Declaration on behalf of Debtor.

4.     Section I provides an overview of this Chapter 11 Case, including a description of Debtor's business and the circumstances that led to the commencement of the Chapter 11 Case and a description of Debtor's corporate structure.  Section II identifies the attached schedules of information required by Local Rule 1007-2.

## I.
## OVERVIEW

5.     Debtor filed a voluntary petition for relief under Subchapter V of Chapter 11 of Title 11 of the United States Code §§ 101 *et seq*. (as amended, the "**Bankruptcy Code**") on April 9, 2024 ("**Petition Date**").

6.     No request has been made for the appointment of a trustee or examiner, and a creditors' committee has not been appointed by the Office of the United States Trustee for the Southern District of New York ("**U.S. Trustee**").

7.     Debtor continues in possession of its property and is managing its business as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

8.     Debtor's sole asset is a building located at 19 East 75th Street, New York, New York 10021 ("**Property**"). My sister and I inherited the Property from our late parents.  Between April 26, 2023 and June 9, 2014, I took out loans from Sterling National Bank ("**Sterling**") totaling $5.3 million ("**Loan**") to buy out my sister's interest in the Property and renovate.  I proceeded to make timely payments on the Loan.

9.     In 2014, I commenced renovations on the Property with the intention that it would be my residence.  I procured the services of Yes Contracting, Inc. ("**Yes**") to renovate the Property.

I paid monthly invoices to Yes, but at the end of renovations Yes presented me with an invoice for approximately $700,000 ("**Fraudulent Invoice**").

10.     I disputed the Fraudulent Invoice, and Yes commenced litigation against me, my wife and CLST by filing a complaint styled *Yes Contracting, Inc. v. CLST Enterprises LLC, et al.*, Index No. 654078/2015 ("**Yes Litigation**") in the Supreme Court of the State of New York, County of New York ("**Court**") on December 8, 2015.  They also obtained a lien ("**Mechanics' Lien**") on the Property on or about January 12, 2015, in the allegedly unpaid amount of $404,500.

11.     The documents underlying Loan included a requirement to bond the Mechanics' Lien or, in the alternative, have it insured to the satisfaction of the bank. I was not aware of these requirements, and there was ample equity in the Property.

12.     On or about February 4, 2020, Sterling sold the Loan to 75 Street Servicing LLC ("**Servicing**"). Upon sale of the Loan, I was advised that I was in default for failure to bond the Mechanics' Lien.  I attempted to remedy the default by bonding the Mechanics' Lien, but as a result of the default, I was assessed approximately $1.5 million in default rate interest, penalties and fees.  Moreover, Servicing elected to accelerate.  Unable to pay, on January 5, 2021, Servicing commenced a foreclosure action styled *75 Street Servicing LLC v. CLST Enterprises, LLC, et al.*, Index No. 850001/2021, pending before the Supreme Court of the State of New York, County of New York ("**Foreclosure Action**").

13.     As the Loan was sold with a notice of default, it was impossible for me to find take-out financing.  Ultimately, on or about February 22, 2022, the Court granted our motion for directed judgment and dismissed the Yes Litigation, thus releasing the Mechanics' Lien.  Despite this, I found myself faced with a judgment entered against me in the Foreclosure Action on December 8, 2022 ("**Foreclosure Judgment**").

14.     As Servicing asserts a claim for approximately $7.3 million, and the Property is valued at nearly $9.5 million, I do not want the Property sold at a foreclosure sale.  Accordingly, it is my intention to use the breathing spell provided by this Chapter 11 Case to attempt to find financing to secure my interest in the Property.  In tandem, I intend to market the Property so that, in the event I am unable to find affordable financing, I can sell the Property and realize some of the value.

## II.
## INFORMATION REQUIRED BY LOCAL RULE 1007-2

15.     In accordance with Local Rule 1007-2, the schedules attached hereto provide certain information related to Debtor.

16.     Pursuant to Local Rule 1007-2(a)(4), Debtor has one unsecured creditor, the New York State Department of Finance, Office of Legal Affairs, 375 Pearl Street, 30th Floor, New York, New York 10038, which is owed $9,809.34.

17.     Pursuant to Local Rule 1007-2(a)(5), Debtor has one secured creditor 75 Street Servicing LLC, 330 Great Neck Road, 2nd Floor, Great Neck, New York 11021, which alleges to be owed $7,346,196.91.

18.     Pursuant to Local Rule 1007-2(a)(6), Debtor has not produced financial statements since 2018, but will be produced by Debtor's bookkeeper as soon as possible.

19.     Pursuant to Local Rule 1007-2(a)(9), Debtor operates its business from 19 East 75th Street, New York, New York 10021.

20.     Pursuant to Local Rule 1007-2(a)(10), the location of Debtor's only asset is the Property located at 19 East 75th Street, New York, New York 10021. Debtor's books and records are located with Laurie Mantler at 9801 Ridley Ave. Parkville, Maryland.  Debtor has no assets outside the territorial limits of the United States.

21.     Pursuant to Local Rule 1007-2(a)(11), there is one action pending against Debtor or its property where a judgment or a seizure of its property may be imminent.  The foreclosure action is styled *75 Street Servicing LLC v. CLST Enterprises, LLC, et al.*, Index No. 850001/2021, pending before the Supreme Court of the State of New York, County of New York.

22.     Pursuant to Local Rule 1007-2(a)(12), I am Debtor's Managing Member and control all aspects of Debtor's business.

23.     Pursuant to Local Rule 1007-2(b)(1)-(2)(A), Debtor has no employees.

24.     Pursuant to Local Rule 1007-2(b)(3), Debtor currently has no tenants and no income.  As such, I personally pay all of Debtor's expenses.

## CONCLUSION

25.     This declaration illustrates the factors that precipitated the commencement of the Chapter 11 Case.

I declare under penalty of perjury that, to the best of my knowledge and after reasonable inquiry, the foregoing is true and correct.

Executed this 8th day of April, 2024.


_/s/ Carl Thomson_
Carl Thomson, Managing Member