**RIMON P.C.**
Counsel to Kenneth P. Silverman, Esq.,
The Chapter 11 Trustee
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 479-6300
Brian Powers
Courtney M. Roman

**Objection Deadline: August 21, 2026**
**Time: 4:00 p.m.**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x

In re:

CLST ENTERPRISES, LLC,

Debtor.

---------------------------------------------------------x

Chapter 11

Case No.: 24-10596 (MG)

**NOTICE OF FILING OF TRUSTEE'S MOTION PURSUANT TO BANKRUPTCY RULE 9019(a) AND BANKRUPTCY SECTION 105 SEEKING APPROVAL OF THE STIPULATION OF SETTLEMENT BY AND BETWEEN THE TRUSTEE AND 75 STREET SERVICING LLC**

**PLEASE TAKE NOTICE**, that on July 31, 2026, Kenneth P. Silverman, Esq., the chapter 11 trustee (the "Trustee") of the bankruptcy estate of CLST Enterprises LLC (the "Debtor"), filed the *Trustee's Motion Pursuant to Bankruptcy Rule 9019(a) and Bankruptcy Section 105 Seeking Approval of the Stipulation of Settlement By and Between the Trustee and 75th Street Servicing LLC* (the "Motion").

**PLEASE TAKE FURTHER NOTICE** that any objections to the Motion shall be set forth in writing, filed with the Bankruptcy Court and served upon (a) Rimon P.C., 100 Jericho Quadrangle, Suite 300, Jericho, New York 11753, Attn: Brian Powers, Esq. (brian.powers@rimonlaw.com), and (b) the Office of the United States Trustee, Office of the United States Trustee, Alexander Hamilton U.S. Custom House, One Bowling Green, Room 534, Attn: Mark Bruh, Esq. (Mark.Bruh@usdoj.gov), **so as to be received no later than 4:00 p.m. (EST) on August 21, 2026 (the "Objection Deadline").**

**PLEASE TAKE FURTHER NOTICE** that reply papers, if any, must be filed within seven (7) days after the Objection Deadline. After all papers are filed, the Bankruptcy Court will determine whether to schedule a hearing or decide the Motion on the papers. Parties will be advised of hearing dates if matters are scheduled for hearing.

Dated: Jericho, New York
July 30, 2026

**RIMON P.C.**
Counsel to Kenneth P. Silverman, Esq.,
the Chapter 11 Trustee

*s/ Brian Powers*
Brian Powers
Partner
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 479-6300

**RIMON P.C.**
Counsel to Kenneth P. Silverman, Esq.,
The Chapter 11 Trustee
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 479-6300
Brian Powers
Courtney M. Roman

**Objection Deadline: August 21, 2026**
**Time: 4:00 p.m.**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
In re:

CLST ENTERPRISES, LLC,

Debtor.
----------------------------------------------------------x

Chapter 11

Case No.: 24-10596 (MG)

**TRUSTEE'S MOTION PURSUANT TO BANKRUPTCY RULE 9019(a) AND BANKRUPTCY SECTION 105 SEEKING APPROVAL OF THE STIPULATION OF SETTLEMENT BY AND BETWEEN THE TRUSTEE AND 75 STREET SERVICING LLC**

Kenneth P. Silverman, Esq., the chapter 11 trustee (the "Trustee") of the bankruptcy estate (the "Estate") of CLST Enterprises LLC (the "Debtor"), respectfully submits this motion (the "Motion") seeking entry of an order, substantially in the form annexed hereto as **Exhibit A**, pursuant to section 105(a) of Title 11, United States Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), approving a Stipulation of Settlement (the "Stipulation"), a copy of which is annexed hereto as **Exhibit B**, by and between the Trustee and 75 Street Servicing LLC (the "Secured Creditor," and together with the Trustee, the "Parties" and each a "Party"), and respectfully represents as follows:

## BACKGROUND

The Bankruptcy Case

1. On April 8, 2024 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of Title 11, United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Court").

2. On January 2, 2025, the Court entered an Order Directing the Appointment of a Chapter 11 Trustee in accordance with 11 U.S.C. §1104(a)(1) and (2) (ECF Doc. No. 53).

3. On January 6, 2025, the Court entered an Order Approving Appointment of Chapter 11 Trustee (ECF Doc. 56) and by Notice of Appointment dated January 6, 2025, Kenneth P. Silverman, Esq., was appointed the chapter 11 operating Trustee for the Debtor and its estate (ECF Doc. No. 57).

The Carve-Out

4. On February 19, 2025, the *Trustee's Motion Pursuant to Bankruptcy Rule 9019(a) and Bankruptcy Section 105 Seeking Approval of the Stipulation of Settlement by and between the Trustee and 75 Street Servicing LLC* (ECF Doc. No. 61) (the "9019 Motion") was filed.

5. On March 28, 2025, the Court entered an order granting the 9019 Motion and the relief requested therein which authorized and approved the Trustee's settlement with the Secured Creditor (the "506(c) Settlement") under which (i) the Trustee obtained the Secured Creditor's consent to the Trustee's sale[1] of the Debtor's real property known as and located at 19 E. 75th

[1] Notably, on March 28, 2025, the Court entered two orders granting the Trustee's *Motion for Entry of an Order (I) Authorizing and Approving Terms and Conditions of Sale of the Debtor's Real Property, Free and Clear of All Liens, Claims and Encumbrances, (II) Establishing Auction and Notice Procedures; (III) Providing for the Removal of All Occupants and Personal Property Remaining in the Real Property, and (IV) Granting Related Relief* (ECF Doc. No. 63), which first authorized and approved the sale procedures (ECF Doc. No. 73), and separately authorized the removal of the Debtor's principals from the Debtor's Real Property (as defined herein) with the assistance of the United States Marshals Service (ECF Doc. No. 76). Thereafter, on October 30, 2025, the Court entered an order approving the Trustee's sale of the Real Property to Walter Baker, the stalking horse bidder (ECF Doc. No. 123).

Street, New York, New York 10021 (the "Real Property"), (ii) the distribution of the net sale proceeds (the "Net Sale Proceeds") resulting from the sale of the Real Property provided for a carve-out of Two Hundred Thousand ($200,000) Dollars for payment of the Trustee's professionals' reasonable fees and expenses, excluding broker fees related to the sale of the Real Property and a distribution to the Debtor's creditors with allowed claims in accordance with the Bankruptcy Code, and (iii) the Secured Creditor would receive the Net Sale Proceeds remaining after further distribution of the sale proceeds (as further described in the 506(c) Settlement) (the "Original Carve-Out").

6. Pursuant to the *Chapter 11 Trustee's Second Amended Plan of Liquidation Under Chapter 11 of the Bankruptcy Code* (ECF Doc. No. 121) (the "Plan"), which was approved by order of this Court dated December 19, 2025 (ECF Doc. No. 136), the Secured Creditor increased the Original Carve-Out by One Hundred Fifty Thousand and 00/100 ($150,000.00) Dollars (the "Plan Carve-Out").

7. Pursuant to the Plan, the Plan Carve-Out will be used to pay all general unsecured claims in full, leaving only the claim of the Secured Creditor and administrative expense claims in excess of the Plan Carve-Out to be paid.

8. The Secured Creditor and the Trustee are working collaboratively to sell the Real Property, which has taken substantially longer than originally anticipated, in part due to the default of Walter Baker and the pendency of now-dismissed appeals as described in prior filings before the Court (ECF Doc. Nos. 142 and 145).

**THE STIPULATION OF SETTLEMENT**

9. The Trustee and the Secured Creditor's counsel engaged in settlement negotiations to reduce any distribution to which, pursuant to the Plan, the Secured Creditor would have been

entitled to the extent needed to pay the continuing administrative expenses of the Debtor's estate relating to the marketing and sale of the Real Property. As a result of those negotiations and for the reasons set forth herein, the Parties have entered into the Stipulation. A copy of the Stipulation is annexed hereto as **Exhibit B**.

10. The salient terms of the Stipulation are as follows:

a. Reduction in Distribution. The Secured Creditor agrees to a reduction of any distribution to which it would have been entitled to receive pursuant to the Plan by up to the additional sum of One Hundred Thousand and 00/100 ($100,000.00) Dollars, solely to the extent that such funds are needed, in addition to the Original Carve-Out and Plan Carve-Out, to pay allowed administrative expenses of the Debtor's estate in the new aggregate sum of Four Hundred Fifty and 00/100 ($450,000.00) Dollars.

b. The 506(c) Settlement. The terms of this Stipulation are not intended to, and do not, amend the terms of the 506(c) Settlement or the Plan.

**BASIS FOR THE RELIEF REQUESTED**

11. Bankruptcy Rule 9019 governs the approval of compromises and settlements, and provides in relevant part as follows:

> On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor, and indentured trustees as provided in Rule 2002 and to any other entity as the court may direct.

Fed. R. Bankr. P. 9019(a).

12. In approving the compromise and settlement, the Bankruptcy Court is required to make an "informed and independent judgment" as to whether the compromise and settlement is fair and equitable based on an:

> educated estimate of the complexity, expense, and likely duration of such litigation, the possible difficulties of collecting on any judgment which might be obtained, and all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise. Basic to this process in every instance, of course, is the need to compare the terms of the compromise with the likely rewards of litigation.

*Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424-425, *reh'g denied*, 391 U.S. 909 (1968). *See In re Arrow Air, Inc.*, 85 B.R. 886, 891 (Bankr. S.D. Fla. 1988); *In re Bell & Beckwith*, 77 B.R. 606, 611 (Bankr.N.D.Ohio), aff'd, 87 B.R. 472 (N.D.Ohio 1987); *Cf. Magill v. Springfield Marine Bank (In re Heissinger Resources Ltd.)*, 67 B.R. 378, 383 (C.D. Ill. 1986) ("the law favors compromise").

13. In making its determination on the "propriety of the settlement", the Court should consider whether the proposed settlement is in the "best interest of the estate".[2] As stated in *Arrow Air*, the "approval of [a] proposed compromise and settlement is a matter of this Court's sound discretion". *Arrow Air*, 85 B.R. at 891. In passing upon a proposed settlement, "the bankruptcy court does not substitute its judgment for that of the trustee". *In re Depo*, 77 B.R. at 384 (citations omitted). The bankruptcy court is not required "to decide the numerous questions of law and fact raised by [objectors]. . . . [R]ather [the Court should] canvass the issues and see whether the settlement falls below the lowest point in the range of reasonableness."[3] In evaluating the reasonableness of a proposed compromise, the Court "may give weight to the opinions of the

---

[2] *Handler v. Roth (In re Handler)*, 386 B.R. 411, 420 (Bankr. E.D.N.Y. 2007) (quoting *In re Adelphia Communications Corp.*, 327 B.R. 143, 158 (Bankr. S.D.N.Y. 2005)); *Depo v. Chase Lincoln First Bank, N.A. (In re Depo)*, 77 B.R. 381, 383 (N.D.N.Y. 1987), *aff'd*, 863 F.2d 45 (2d Cir. 1988).

[3] *Cosoff v. Rodman (In re W.T. Grant Co.)*, 699 F.2d 599, 608 (2d Cir. 1983), *cert denied*, 464 U.S. 822 (1983) (quoting *Newman v. Stein*, 464 F.2d 689, 693 (2d Cir. 1972), *cert denied*, 409 U.S. 1039 (1972); *see also In re Handler*, 386 B.R. at 420-21.

Trustee, the parties and their counsel." *Bell & Beckwith*, 77 B.R. at 612; *see also In re Handler*, 386 B.R. at 421.

14. The U.S. Court of Appeals for the Second Circuit outlined the following seven factors (the "Iridium Criteria") to be considered by a court in deciding whether to approve a compromise or settlement:

> i. the balance between the litigation's possibility of success and the settlement's present and future benefits;
>
> ii. the likelihood of complex and protracted litigation, with its attendant expense, inconvenience, and delay, including the difficulty in collecting on the judgment if the settlement is not approved;
>
> iii. the paramount interest of the creditors, including the proportion of class members who do not object to or who affirmatively support the settlement;
>
> iv. whether other parties in interest support the settlement;
>
> v. the competency and experience of the counsel who support the proposed settlement;
>
> vi. the relative benefits to be received by individuals or groups within the class; and

*Motorola, Inc. v. Official Comm. of Unsecured Creditors et al.* (*In re Iridium Operating LLC et al.*), 478 F.3d 452, 462; *In re Handler,* 386 B.R. at 421.

15. The proposed Stipulation provides for a reduction in the distribution of which Secured Creditor would have otherwise been entitled, which, as discussed above, shall be used to pay the allowed administrative expenses of the Debtor's estate incurred during the continued marketing and sale process of the Debtor's Real Property.

16. As acknowledged by all Parties, the process of selling and closing on the sale of the Real Property is taking substantially longer than originally anticipated, and, importantly, is a

condition precedent to the Plan becoming effective. Therefore, the Debtor's estate continues to incur administrative expenses in facilitating this sale process. Accordingly, because the estate has no other source of income or funds, the continually accruing administrative expenses could not be paid absent an agreement with the Secured Creditor.

17. The Trustee has determined that entering into the Stipulation upon the terms and conditions of the Stipulation is in the best interest of the Debtor's estate, falls well within the lowest range of reasonableness, is the most economical and efficient way to realize value for the Real Property without the need to incur additional and further administrative costs.

18. The Stipulation is the product of arm's length bargaining and the Parties to the Stipulation are represented by competent and experienced counsel.

19. Moreover, it is not anticipated that the Debtor's creditors will object to the Stipulation, as the only creditors affected are administrative claimants that could not otherwise be paid in full.

20. Based on the foregoing, the Stipulation is fair and equitable and in the best interests of the Debtor's estate, and the Trustee respectfully requests that the Court approve the Stipulation.

21. No previous motion for the relief requested herein has been made in this case to this or any other court.

## NOTICE

22. The Trustee will be timely serving this Motion upon (i) 75 Street Servicing LLC and its counsel; (ii) counsel to the Debtor's principal; (iii) the Office of the United States Trustee for Region 2; and (iv) those persons or entities who have formally appeared and requested service in this case pursuant to Bankruptcy Rule 2002, by first class mail. The Trustee submits that no other or further notice need be provided.

**WHEREFORE**, the Trustee respectfully requests that the Court grant this Motion approving the Stipulation and grant such other and further relief as the Court deems just and proper.

Dated: Jericho, New York
July 30, 2026

**RIMON P.C.**
Counsel to the Chapter 11 Trustee

By: *s/ Brian Powers*
Brian Powers
Partner
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 479-6300